**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAURA A. WARD,** *et al.***,**

        Plaintiffs,

vs.                      **CASE NO.: 8:05-CV-1878-T-17-TGW**

**LOCKHEED MARTIN CORPORATION,**
**LORAL CORPORATION, WPI SARASOTA**
**DIVISION, INC., WIRE PRO, INC.,**
**BECSD, LLC. AND DOES 1-20,**

        Defendants.
_____/

**ORDER**

This cause is before the Court on Plaintiffs,' Laura A. Ward, *et al.*, (Plaintiffs) Motion for Remand (Dkt. 12) including Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Remand (Dkt. 13), both filed on November 3, 2005. Also before this Court is Defendant Lockheed Martin Corporation's Opposition to Plaintiffs' Motion For Remand (Dkt. 22-1), filed on December 2, 2005.

**PROCEDURAL BACKGROUND**

Plaintiffs in this case either own or occupy homes in Manatee County, Florida and on September 1, 2005, filed a multi-count complaint in the Manatee County Circuit Court against Lockheed Martin Corporation, Loral Corporation, WPI Sarasota Division, Inc., Wire Pro, Inc., BECSD, LLC, and Does 1-20, (Defendants). Plaintiffs allege that their property has been contaminated with hazardous chemicals and substances, including but not limited to beryllium dust, trichloroethylene, 1,4 dioxin and perchlorethylene. (Complaint). Plaintiffs specifically contend that Defendants are legally responsible for the contamination and, furthermore, that Defendants knew of this contamination for years and intentionally failed to disclose this information to the Plaintiffs. (Complaint, ¶ 260).

CASE NO.: 8:05-CV-1878-T-17-TGW

Defendant Lockheed Martin Corporation is a Maryland corporation with its principal place of business in Maryland; it is authorized to do business in Florida and has assumed the liabilities of Loral Corporation. Defendant BESCD, LLC is a Florida limited liability company whose sole entity is a New Jersey limited partnership. Defendant Wire Pro, Inc. is a Pennsylvania corporation with its principal place of business in New Jersey. Defendant WPI Sarasota Division, Inc. is a Florida corporation with its principal place of business in Florida. Each Defendant named in the suit is either a past or present owner or operator of the site in Manatee County, Florida from which the Plaintiffs allege that the hazardous materials originated. The ownership history of the plant in Manatee County ("site") is quite convoluted. From 1991 to 1996, Loral Metals Technology Beryllium Company, predecessor in interest to Loral Corporation, operated a machine/metal working plant at the "site." In 1996, Lockheed Martin Corporation merged with Loral Corporation and Lockheed Martin obtained ownership of the plant and the site; Lockheed Martin discontinued the plant's operations in 1997. In 2000, Wire Pro, Inc. purchased the site and currently, WPI Sarasota Division, Inc., a subsidiary of Wire Pro, Inc., presently operates at the site. (Dkt. 2).

Plaintiffs filed this lawsuit in Manatee County Circuit Court on the basis that Plaintiffs are Florida citizens and Defendant WPI Sarasota is a Florida Corporation with its principal place of business in Florida. (Dkt. 13). On or about October 6, 2005, Defendant Lockheed Martin filed a Notice of Removal of Plaintiffs' action alleging the fraudulent joinder of Defendant WPI Sarasota, the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal officer jurisdiction under 28 U.S.C. § 1442(a)(1).

**STANDARD OF REVIEW**

A district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). If a plaintiff objects to a defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed. *Forest v. Penn*

2

**CASE NO.: 8:05-CV-1878-T-17-TGW**

*Treaty American Corp.*, 270 F.Supp.2d 1357, 1360 (M.D.Fla.2003). A federal district court must remand to the state court any case that was removed without the necessary jurisdiction. *Cacciatore v. Liberty Life Assurance Co. Of Boston*, 85 F.Supp.2d 1282, 1283 (M.D.Fla. 2000). Due to the fact that removal jurisdiction raises significant federal concerns, federal courts "are directed to construe removal statutes strictly and doubts about jurisdiction should be resolved in favor of remand to a state court." *Forest*, 270 F.Supp.2d at 1360-61.

**DISCUSSION**

Removal Pursuant to 28 U.S.C. § 1332

Plaintiffs allege that that Defendant WPI Sarasota Division, Inc. has not been fraudulent joined and thus, removal pursuant to 28 U.S.C. § 1332 is improper and diversity jurisdiction does not exist. In order to have diversity jurisdiction, complete diversity is required; in other words, every plaintiff must be diverse from every defendant. 28 U.S.C.A. § 1332. The doctrine of fraudulent joinder provides an exception to the requirement of complete diversity because an action may be removable if the joinder of the non-diverse party is fraudulent. 28 U.S.C. § 1441(a). In determining whether to sustain a fraudulent joinder allegation, "a state court must find that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court." *Insinga v. LaBelle*, 845 F.2d 249, 254 (11th Cir. 1988)(citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)). In *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998), the court clarified its position and stated that a plaintiff need not have a "winning case against the allegedly fraudulent defendant" in order to defeat diversity jurisdiction, the plaintiff only needs "a possibility of stating a valid cause of action." Thus, case law supports the notion that so long as Plaintiffs have stated a valid cause of action against Defendant WPI Sarasota, the doctrine of fraudulent joinder does not apply and removal pursuant to 28 U.S.C. § 1332 is improper.

Defendant WPI Sarasota is the present operator of the site. While no evidence has been submitted that Defendant WPI Sarasota used any of the alleged hazardous chemicals at its

3

**CASE NO.: 8:05-CV-1878-T-17-TGW**

facility since it began its operations in 2000 (Dkt. 22-2), evidence has been submitted that the hazardous materials present on the site in 2000 continue to migrate offsite into the residential communities. (Dkt. 14). Moreover, pursuant to Fla. Stat § 376.313(3) and its interpretation in *Aramark Uniform and Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 24 (Fla. 2004), a strict liability cause of action exists for the "non-negligent discharge of pollution without proof that the defendant caused it." Plaintiffs have alleged that Defendant WPI Sarasota operated the site during the time in which the hazardous chemicals emanated from the site onto the residential communities. (Dkt. 13, p. 6). After reviewing the evidence, specifically the Affidavits and Declarations submitted on behalf of the Plaintiffs, this Court finds that the Plaintiffs have stated a claim for relief against Defendant WPI Sarasota and Defendant has not proved the contrary. Thus, this Court finds that removal is not warranted under 28. U.S.C. § 1332 because Defendant WPI Sarasota has not been fraudulently joined as Plaintiffs have alleged facts that support a basis for recovery.

Removal Pursuant to 28 U.S.C. § 1442(a)(1)

Defendant Lockheed Martin also maintains that removal is proper pursuant to Federal Officer Removal, 28 U.S.C. § 1442(a)(1) (Dkt. 22-1, p.15), which provides that a civil action commenced in State court against "any officer (or any person acting under that officer) of the United States, . . . for any act under color of such office or on account of any right, title, or authority, claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue" may be removed to a district court of the United States. If a federal officer is involved in the cause of action, removal is only proper pursuant to 28 U.S.C. § 1442(a)(1) when: (1) the defendant was a "person" within the meaning of the statute, (2) defendant was acting at the direction of a federal officer and a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims, and (3) the defendant has asserted a colorable federal defense. *See Mesa v. California*, 489 U.S. 121, 124-25 (1989). Plaintiffs concede that Defendant Lockheed Martin satisfies the "person" requirement and, thus, the only issues before this Court are whether Defendant Lockheed Martin acted under federal government direction and whether there is a causal nexus between

**CASE NO.: 8:05-CV-1878-T-17-TGW**

that federal direction and the Complaint (prong 2), and whether the Defendant Lockheed Martin has asserted a colorable defense (prong 3).

This Court first addresses whether Defendant Lockheed Martin raised a colorable federal defense under federal law. In analyzing this, the question before the Court is not whether a claimed defense is meritorious, but only whether a colorable claim to such a defense has been made. *Fung v. Abex Corp.*, 816 F.Supp. 569, 573 (N.D.Cal.1992). Defendant Lockheed Martin asserts the government contractor and derivative sovereign immunity defenses. (Dkt. 22-1, p.22). The Supreme Court in *Boyle v. United States Technology Corp.*, 487 U.S. 500, 512 (1988), announced a three part test for determining when state law tort is displaced by federal common law in a suit against a government military contractor: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. The Third Circuit in *Carley v. Wheeled Coach*, 991 F.2d 1117, 1120 (3d Cir. 1993), extended the *Boyle* holding to nonmilitary contractors explaining that "a private contractor who is compelled by a contract to perform an obligation for the United States should, in some circumstances, share the sovereign immunity of the United States." *Carley*, 991 F.2d at 1120.

Based on the evidence submitted by the parties, this Court finds that the United States provided reasonably precise specifications to Defendant Lockheed Martin and the equipment used by the Defendant conformed to those specifications. (Dkt. 23-1, 24-1). As to whether the government was provided with specific warnings concerning the risks of beryllium dust, trichloroethylene, 1,4 dioxin and perchlorethylene, it is not entirely clear that this defense would apply here. The declarations submitted on behalf of Defendant Lockheed indicate that the U.S. Government inspected the facilities for cleanliness and safety, but do not expressly state that it specifically informed the government of the full extent of the risks. (Dkt. 23-1, 24-1). Such an analysis, however, would be relevant to the "merits" of the defense and not to the question of whether the defense is "colorable." Thus, without further analysis, this Court finds that Defendant Lockheed Martin asserted a colorable defense and, therefore, satisfies that prong of the federal officer removal test.

**CASE NO.: 8:05-CV-1878-T-17-TGW**

Next, this Court addresses whether Defendant Lockheed Martin was "acting under" an officer of the United States and whether there is a causal nexus between its actions under a federal officer and the Plaintiffs' claims. To establish that it was "acting under" a federal officer, Defendant Lockheed Martin must show a causal nexus between the conduct charged in Plaintiffs' claims and the acts performed by Defendant Lockheed Martin at the direction of official federal authority. *See Willingham v. Morgan*, 395 U.S. 402, 409 (1969). Defendant Lockheed Martin argues that the Loral American Beryllium Company (LABC) "acted under federal direction, and that the challenged conduct- Defendants' use and handling of beryllium and chlorinated solvents-arises out of actions taken by a government contractor at the direction of a federal officer." (Dkt. 22-1). Specifically, Defendant Lockheed Martin submitted declarations of former LABC employees which demonstrate that LABC supplied beryllium parts, designed and specified by the federal government. These declarations also establish that the U.S. government "frequently inspected LABC's facilities" and "LABC's beryllium parts to ensure compliance with the government designs."(Dkt. 23-1, Dkt. 24-1, p. 5-6).

In response to Defendant Lockheed's argument, Plaintiffs' emphasize a distinction between governmental control over manufacture and production versus incidental waste disposal. Plaintiffs essentially contend that without governmental control over the latter, which is the basis of Plaintiffs' claims, federal officer removal does not exist. Case law supports Plaintiffs' position. In *Bahrs v. Hughes Aircraft Company*, 795 F.Supp. 965, 970 (D. Ariz. 1992), the court distinguished between the government's control over production versus the government's control over waste method disposal. In *Bahrs*, the Plaintiffs were members of a class that sustained injuries as a result of the dumping of toxic substances, including TCE, into the ground, which polluted plaintiffs' water supply, and one of the defendants, General Dynamics, was an aerospace company under contract to United States War Department. *Id.* at 968-69. The facts in *Bahr* are similar to the instant case; the Plaintiffs in *Bahrs* objected to General Dynamics' removal petition on the ground that it did not meet the requirements of the federal officer removal statue just as the Plaintiffs in the instant case allege that Defendant Lockheed Martin did not meet the federal officer removal requirements. In *Barhs* the dispositive issue was whether General Dynamics demonstrated that it was "acting under" an

6

**CASE NO.: 8:05-CV-1878-T-17-TGW**

officer of the United States. *Id.* at 969. The court ruled that removal was not appropriate because General Dynamics did not demonstrate the government's necessary control over the method of waste disposal. *Id.* The Court specifically found that General Dynamics did not establish that the government exercised direct and detailed control over the alleged disposal of pollutants into plaintiff's water supply. *Id.* at 970.

      An examination of the case law submitted by each party reveals much about the merits of Defendant's assertions. Not one of Defendant's cited cases holding that the government exercised the requisite amount of control to trigger federal officer removal involve an instance of disposal of toxic substances ordered produced by the government. In contrast, cases relied on by the Plaintiffs finding federal officer removal inappropriate illustrate the distinction between governmental control over manufacture and production versus governmental control over disposal. *See Bahrs,* 795 F.Supp. 965 at 970; *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268, 1274-75 (C.D. Cal. 1998). Accordingly, as Defendant Lockheed Martin has not offered any evidence supporting its claim that the federal government exercised control over the disposal of hazardous substances, this Court holds that Defendant Lockheed Martin has not met its burden of demonstrating the causal nexus to invoke the protections of the federal officer removal statute.

## **CONCLUSION**

      For the reasons stated above, this Court has no subject-matter jurisdiction over this case. First, Plaintiffs have not fraudulently joined Defendant WPI Sarasota. Stated simply, there is a possibility that a state court could find that the complaint states a cause of action against resident Defendant WPI Sarasota. Next, Defendant Lockheed Martin has not established the requisite causal connection to invoke the protections of the federal officer removal statutes. Specifically, Defendant Lockheed Martin did not submit any evidence supporting its claim that the government exercised control over the disposal of beryllium dust, trichloroethylene, 1,4 dioxin and perchlorethylene. Thus, because Defendant Sarasota WPI was not fraudulently joined and because Defendant Lockheed Martin does not qualify for federal officer removal, there is not complete diversity between the parties, and the United States

**CASE NO.: 8:05-CV-1878-T-17-TGW**

federal courts do not have subject matter jurisdiction over this case. Accordingly, it is

**ORDERED** that Plaintiffs' motion to remand is **GRANTED** and the Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Twelfth Judicial Circuit in Manatee County, Florida. The Clerk of Court should close this case and terminate all pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of March, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record